Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Attorneys for Plaintiff on Signature Page]

*Attorneys for Plaintiff,*
Beau Vincelli

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU VINCELLI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AAA NATIONAL CREDIT REPORTING CORPORATION, and NSI SERVICES, LLC d/b/a THE CROSBY CENTERS<br><br>Defendants. | Case No: '18CV0063 GPC BGS<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT;**<br>2. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32; AND**<br>3. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Beau Vincelli, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of AAA National Credit Reporting Corporation, and NSI Services, LLC d/b/a THE CROSBY CENTERS ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Any violation by Defendants was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

### JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law, 15 U.S.C. §1692 et seq the FDCPA.

8. Jurisdiction of this Court also arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. §1692(k) and 28 U.S.C. § 1367 for supplemental state claims.

9. Defendants regularly attempt to collect alleged debts against consumers in San Diego County by sending letters and making telephone calls to consumers, suing consumers, collecting from consumers, as Defendants did to Plaintiff, and thus, personal jurisdiction is established.

10. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Defendants are registered in California; (ii) at all material times hereto, Plaintiff resided in the County of San Diego, State of California within this judicial district; (iii) the conduct complained of herein occurred within this judicial district; and (iv) many of the acts and transactions giving rise to this action occurred in this district because Defendant, personal jurisdiction is established.

### PARTIES

11. Plaintiff is a natural person, as that term is used in California Civil Code § 1788.2(h), Plaintiff resides in the City of San Diego, County of San Diego, State of California.

12. Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h), and a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, AAA National Credit Reporting Corporation is, and at all times mentioned herein was, a corporation registered in California, with its principal place of business in California.

14. Defendant, AAA National Credit Reporting Corporation, uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6). Here, Defendant AAA National Credit Reporting Corporation was collecting a debt on behalf of Crosby Centers.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, NSI Services, LLC d/b/a THE CROSBY CENTERS is, and at all times mentioned herein was, a corporation registered in California, with its principal place of business in California.

16. All Defendants, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as defined in California Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

17. On March 6, 2012, Plaintiff allegedly incurred a debt to Defendant NSI Services, LLC dba The Crosby Centers ("Crosby Center").

18. Plaintiff disputes the validity of any said debt.

19. This alleged obligation was for money, property, or the equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another and was therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f), and a "debt" as defined by 15 U.S.C. § 1692a(5).
20. Specifically the debt arises from personal services received from Crosby Center.
21. Plaintiff never signed any contract(s) or obligations with Crosby Center.
22. The costs for Crosby Center services that Plaintiff allegedly received were in the amount of $48,775.
23. On March 2, 2012, Plaintiff's mother made a payment for $5,000 to Crosby Center.
24. On March 6, 2012, Plaintiff's mother, made a payment for $5,000 to Crosby Center, in order to ensure that the costs for services would be $25,000.
25. Thereafter, the disputed debt allegedly owed was supposed to be $20,000.
26. On April 11, 2012, Plaintiff's mother made another payment in the amount of $2,235.70.
27. On April 16, 2012, Plaintiff's mother made another payment in the amount of $9,367.70.
28. On May 11, 2012, Plaintiff's mother made a payment in the amount of $2,235.70.
29. Defendant Crosby Center also procured payments from Defendant's insurance company in the amount of $18,208.19.
30. Thereafter, the alleged disputed debt's balance was less than $4,000.00.
31. At some point, Plaintiff became delinquent on said debt, the balance of which was less than $4,000, on the contract that Plaintiff never executed, and disputes owning the debt.
32. This debt was eventually sold, transferred, or assigned to Defendant, AAA National Credit Reporting Corporation for collection.

33. Defendant Crosby Center failed to inform AAA National Credit Reporting Corporation that the actual balance of the debt.

34. By failing to inform AAA National Credit Reporting Corporation of the actual balance and Defendant Crosby Center's assignment of the debt for collection to AAA National Credit Reporting Corporation, Defendant Crosby Center engaged in unfair debt collection practices, in violation of the Rosenthal Act, 1788.17 through incorporation of 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(10), 1692e(5), 1692f, 1692f(1), and 1692d.

35. Defendant AAA National Credit Reporting Corporation failed to review any notes on the debt account, any payments, or request any paperwork from Crosby Centers, and without any information on the debt, any review of payments, Defendant AAA National Credit reporting Corporation began to collect on the full balance of the debt as if Plaintiff's mother never made any payments to Crosby, in violation of the Rosenthal Act, 1788.17 (through incorporation of) and FDCPA, 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(10), 1692e(5), 1692f, 1692f(1), and 1692d.

36. On February 16, 2016, Defendants AAA National Credit Reporting Corporation filed a legal action alleging a breach of a written contract and unjust enrichment in the Superior Court for the State of California, County of San Diego, for breach of agreement and unjust enrichment against Plaintiff. The amount AAA sought in its complaint to recover $39,750 plus interest.

37. However, Plaintiff never entered into a written contract with Defendant.

38. Defendants AAA National Credit Reporting Corporation failed to investigate the underlying debt, and request for all accounting notes and payment credits.

39. Defendants AAA National Credit Reporting Corporation had a duty to investigate the account and ensure that the records were complete and accurate.

40. AAA National Credit Reporting Corporation failed to conduct any sort of investigation into the account to verify its accuracy.

41. Defendant Crosby Center, similarly, failed to account for all payments received on behalf of Plaintiff.
42. Defendants AAA National Credit Reporting Corporation and Crosby Center by collecting a substantially larger debt than originally owed violated the Fair Debt Collection Practices Act and the Rosenthal Act, Cal. Civ. Code § 1788.17 through incorporation of 15 U.S.C. § 1692e(2)(A), 1692e(10), 1692e(5), 1692f, 1692f(1), and 1692d.
43. Defendants jointly and collectively engaged in the false, deceptive, and misleading representation of a debt where Defendant represented that Plaintiff owed the alleged debt to Defendant.
44. Defendants falsely stated the character, amount, or legal status of the debt.
45. On or about May 21, 2017, Plaintiff first learned of the Defendants' wrongful acts and collection practices, when Defendant AAA National Credit Reporting Corporation served Plaintiff with the complaint from the state court.
46. Plaintiff's mother shortly after learning of the action against Plaintiff notified Defendant AAA that (a) Plaintiff never entered into an agreement with Crosby Center; and (b) that Crosby Center received almost full balance of the sought debt.
47. Despite knowing that its complaint seeks to recover over $39,000, Defendant AAA continued to pursue a claim against Defendant.
48. As a result of Defendant AAA National Credit Reporting Corporation's improper filing of the complaint, Crosby Center's and AAA National Credit Reporting Corporation's failure to account for all payments received in the matter, Plaintiff was compelled to retain an attorney and proceed with a defense of the matter that should not have been filed in the first place.
49. Defendant AAA National Credit Reporting Corporation was notified again and again (in May of 2017, August 2017, and on December 4, 2017), regarding the fact that payments were received by Crosby Center with respect to the disputed

contract and debt allegedly owed by Defendant AAA National Credit Reporting Corporation.

50. Nevertheless, Defendant continued to litigate under its original complaint seeking in excess of $39,000 through and including January 2017.

51. One day prior to the Trial Readiness Conference in the underlying state matter, on January 4, 2018, Defendant AAA National Credit Reporting Corporation dismissed its state claim with prejudice.

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 ET. SEQ.
### (PLAINTIFF V. AAA NATIONAL CREDIT REPORTING CORPORATION, ONLY)

52. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA by AAA National Credit Reporting Corporation, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

54. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## THIRD CAUSE OF ACTION
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32
### (PLAINTIFF V. ALL DEFENDANTS)

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

56. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

57. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

### (PLAINTIFF V. ALL DEFENDANTS)

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59. Defendants owed a duty of care to Plaintiff to reasonably protect Plaintiff's rights, and to avoid misrepresenting the character, amount, or legal status of the alleged debt.

60. Defendant Crosby Center had a duty to accurately document any and all payments received with respect to the alleged debt.

61. Defendant AAA had a duty to investigate the underlying account, review and request all the payments that were made on the account, and file a complaint requesting the accurate balance.

62. Defendants negligently failed to take affirmative steps to prevent misrepresenting the character, amount, or legal status of the alleged debt.

63. Defendants' conduct proximately caused injuries to Plaintiff.

64. Due to Defendants' conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendant, as follows:

## FIRST CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET. SEQ.

## (AGAINST AAA NATIONAL CREDIT REPORTING CORPORATION, ONLY)

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of punitive damages; and
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## (ROSENTHAL ACT)

## CAL. CIV. CODE §§ 1788-1788.32

## (AGAINST EACH DEFENDANT)

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b).
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of punitive damages; and
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

## (AGAINST EACH DEFENDANT)

- An award of actual damages in an amount to be proven at trial;

- As a result of Defendants' negligence, Plaintiff is entitled to money damages in an amount to be proven at trial;
- An award of punitive damages, in an amount to be adduced at trial, from Defendants; and
- Any and all other relief that the Court deems just and proper.

## TRIAL BY JURY

37. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**HYDE & SWIGART APC**

Date: 1/9/2018

By: s/Yana A. Hart
Yana A. Hart, Esq.
Yana@westcoastlitigation.com
*Attorney for Plaintiff*

Additional Attorney for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523